1  David H.S. Commins (CSBN 124205)
   Kenneth C. Webster  (CSBN 179058)
2  COMMINS & WEBSTER, P.C.
   400 Montgomery Street, Suite 200
3  San Francisco, CA 94104
   Tel (415) 391-6490
4  Fax (415) 391-6493
   david@commins.com
5  ken@commins.com

6  Attorneys for Plaintiff
   Shoreline Capital Management, Ltd.
7

8                UNITED STATES DISTRICT COURT

9                NORTHERN DISTRICT OF CALIFORNIA

10                    SAN FRANCISCO DIVISION

11

12 SHORELINE CAPITAL MANAGEMENT,
   LTD., a British Virgin Islands company
13 limited by shares,,                            No.  CV 08 0121 JW

14         Plaintiff,                             [PROPOSED] ORDER GRANTING
                                                  *EX PARTE* APPLICATION FOR
15     vs.                                        TEMPORARY RESTRAINING ORDER
                                                  AND ORDER TO SHOW CAUSE RE
16 XIAOBING SUN, an individual, also known        PRELIMINARY INJUNCTION, AND
   as DANIEL SUN,                                 GRANTING LEAVE TO CONDUCT
17                                                EXPEDITED DISCOVERY
           Defendant.
18                                          /

19

20

21

22

23

24

25

26

27

28

[PROPOSED] ORDER GRANTING *EX PARTE* APPLICATION FOR TRO AND OSC RE
PRELIMINARY INJUNCTION, AND GRANTING LEAVE TO CONDUCT EXPEDITED
DISCOVERY

1   This matter came before the Court this ___ day of January, 2008 on Plaintiff Shoreline Capital Management, Ltd.'s (Shoreline's) Complaint, *Ex Parte* Application for Temporary Restraining Order and Order to Show Cause Re Preliminary Injunction, And for Leave To Conduct Expedited Discovery, and Supporting Declarations of Benjamin Fanger, Linlin Gong, Haiqiang Huang, Wei Wang, Yan Wen, Yonghui Wu, Linyu Yang, Weihong Ye, Xiaolin Zhang, and Deguang Zheng.  Due notice was given to Defendant Xiaobing Sun of Shoreline's Application.

The Court, having considered the papers submitted by and the argument of counsel, finds as follows:

1.  Shoreline's rights with respect to its property, proprietary and confidential information, competitive interests, and contractual rights with Defendant are being and will continue to be violated by Defendant unless Defendant is restrained in the manner set forth below.

2.  Shoreline will suffer irreparable harm and loss if Defendant is permitted to: (a) convert Shoreline's property for his own use and that of Shoreline's direct competitor, Asia LTI, Defendant's new company and new employer, and (b) solicit Shoreline's investment customers, bankers and investment managers that are its vendors, and employees

3.  Shoreline has no adequate remedy at law.

4.  Greater injury would be inflicted upon Shoreline if temporary injunctive relief were denied than will be incurred by Defendant if the requested relief is granted.

- 1 -
SHORELINE CAPITAL MANAGEMENT, LTD.'S MEMORANDUM SUPPORTING *EX PARTE* APPLICATION FOR TRO AND OSC RE PRELIMINARY INJUNCTION AND FOR EXPEDITED DISCOVERY ORDER

5. The public interest would be served by a grant of the requested relief.

THEREFORE, it is hereby ordered that

A. A Temporary Restraining Order shall issue immediately. Defendant Xiaobing Sun is hereby enjoined and restrained, directly or indirectly, whether acting alone or in concert with others, including any officer, agent representative, or employee of Asia LTI from:

1. Soliciting any business from any Shoreline client, customer or vendor whom Defendant Sun served during his employment with Shoreline, or any other client, customer or vendor whose name became known to Defendant Sun while in the employ of Shoreline (for purposes of this Order, Shoreline shall include Shoreline Capital Management, Ltd., as well as its wholly owned subsidiary, Shoreline Capital Consulting (Shenzhen) Co., Ltd. (Shoreline Shenzhen), and Guangzhou United, the onshore agent of Shoreline Shenzhen.

2. Contacting for business purposes, whether in person, through others, by telephone or in writing, any client, customer or vendor of Shoreline whom Defendant Sun served during his employment with Shoreline, or any other client, customer or vendor whose name became known to Defendant Sun while in the employ of Shoreline;

3. From soliciting for employment any current employee of Shoreline;

   4. Using, disclosing, or transmitting for any purpose (including but not limited to the solicitation of said clients, customers, vendors and employees of Shoreline), the names, addresses, telephone numbers, and other contact information as well as any financial information of any of said clients, customers, vendors and employees of Shoreline, any information contained in Shoreline's records, including but not limited to the financial model known as The Shoreline Pricing Model or The Shoreline Debt Pricing Model, and any of Shoreline's Potential Investment Lists.

 B. Defendant is hereby ordered to return to Shoreline as promptly as possible all originals copies, or other reproductions in whatever form of the names, addresses, telephone numbers, and other contact information as well as any financial information of any of Shoreline's clients, customers, vendors and employees, any information contained in Shoreline's records, including but not limited to the financial model known as The Shoreline Pricing Model or The Shoreline Debt Pricing Model, and any of Shoreline's Potential Investment Lists.

 C. Defendant is hereby ordered to return to Shoreline as promptly as possible all originals copies, or other reproductions in whatever form of any Shoreline document or other form of recorded information.

 D. Defendant is hereby ordered to return to Shoreline as promptly as possible any of Shoreline's computer equipment in his possession, custody or control, as well as any Shoreline computer software, hardware or data he may possess, have custody of or control.

1  E.  Defendant shall promptly make available for immediate inspection by Shoreline or its expert all computer environments used by Defendant, including but not limited to desktop, laptop, and hand-held computers, personal digital assistants, cell phone address books and memos, whether they be utilized at Asia LTI, Defendant's residence or elsewhere.

F.  This Order shall remain in full force and effect pending further order of this Court. This case is set for a hearing on Shoreline's Motion for Preliminary Injunction on _____, 2008 at _____. Defendant shall file any opposition papers by no later than _____, 2008, and Shoreline shall file any reply papers by no later than _____, 2008.

G.  The parties are granted leave to commence discovery immediately in preparation fo the preliminary injunction hearing, and to conduct depositions of parties and employees and principals of Asia LTI on five days' notice (15 days' notice if the depositions are to occur outside the United States); and to require that responses to requests for documents be served within five days.

H.  In view of the nature of the controversy,
_____ no bond is necessary;
_____ Shoreline shall post a bond in the amount of $ _____, to be issued no later than _____.

DATED: January ___, 2008.

                                                                              Unites States District Judge

- 4 -
SHORELINE CAPITAL MANAGEMENT, LTD.'S MEMORANDUM SUPPORTING *EX PARTE* APPLICATION FOR TRO AND OSC RE PRELIMINARY INJUNCTION AND FOR EXPEDITED DISCOVERY ORDER