David H.S. Commins (CSBN 124205)
Kenneth C. Webster (CSBN 179058)
COMMINS & WEBSTER, P.C.
400 Montgomery Street, Suite 200
San Francisco, CA 94104
Tel (415) 391-6490
Fax (415) 391-6493
david@commins.com
ken@commins.com

Attorneys for Plaintiff
Shoreline Capital Management, Ltd.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SHORELINE CAPITAL MANAGEMENT, LTD., a British Virgin Islands company limited by shares,<br><br>Plaintiff,<br><br>vs.<br><br>XIAOBING SUN, an individual, also known as DANIEL SUN,<br><br>Defendant. | No. JW CV 08 0121<br><br>DECLARATION OF DEGUANG ZHENG SUPPORTING *EX PARTE* APPLICATION FOR TRO AND OSC RE PRELIMINARY INJUNCTION, AND FOR ORDER GRANTING LEAVE TO CONDUCT EXPEDITED DISCOVERY |

I, Deguang Zheng, say:

      1.    I am an employee of Guangzhou United (GU), the onshore agent of Shoreline Capital Consulting (Shenzhen) Co., Ltd. (Shoreline Shenzhen), the wholly-owned subsidiary of Shoreline Capital Management, Ltd. (Shoreline) that is the Plaintiff in this action. GU's agency contract with Shoreline Shenzhen is for the sole purpose of employing Shoreline personnel and it is 100% funded by Shoreline. I have personal knowledge of the matters set forth in this Declaration and would competently testify to them if called as a witness.

- 1 -

2. As a member of 1233 portfolio service team at Guangzhou United and Shoreline, I have become acquainted with the employees of the four primary asset management companies from whom we buy debt portfolios. Once such seller is Huarong Asset Management Company (Huarong). In my contacts with Huarong, I have met with District Supervisor, Mr. Shuikang, Sun.

3. On August 10 and 14, 2007, I received phone calls from Huarong's District Supervisor, Shuikang Sun, regarding the management of the Zhanjiang assets within Shoreline's "#1233" portfolio (which I am responsible for servicing) and other new potential investments for Shoreline within his district. Shuikang Sun informed me that he had received a phone call from Mr. Xiaobing Sun instructing Shuikang Sun not to speak with other people at Shoreline and that Xiaobing Sun should be the new point of contact for any new investment opportunities; also that Xiaobing Sun would come to meet with him on August 15, 2007 to receive information on new investment opportunities.

4. Because I was confused as to why Shoreline would direct Xiaobing Sun to source deals from the same contact I was responsible to visit, I e-mailed Mr. Linyu Yang, one of Shoreline's partners, and asked him whether Xiaobing Sun had been directed by the company to visit Shuikang Sun to receive information on investment opportunities that Huarong was offering to Shoreline. Mr. Yang replied by email that Xiaobing Sun was not directed by the company to visit Shuikang Sun, and that at no time had Xiaobing Sun asked Shoreline's management if he could represent the company in this way. Mr. Yang then instructed me that we should proceed as planned and that I and Yan Wen should visit Shuikang Sun at Huarong.

5. Later in a meeting with Shuikang Sun at Huarong's offices, my colleague Yan Wen and I learned from Shuikang Sun that because he believed Xiaobing Sun to be a member of Shoreline, he had allowed Xiaobing Sun to visit him at Huarong's offices and to

- 2 -

DECLARATION OF DEGUANG ZHENG SUPPORTING *EX PARTE* APPLICATION FOR TRO AND OSC RE PRELIMINARY INJUNCTION, AND FOR ORDER GRANTING LEAVE TO CONDUCT EXPEDITED DISCOVERY

receive information on a 29-borrower portfolio of loans, on which Xiaobing Sun proceeded to do due diligence as part of an attempt to close an investment transaction for investors unrelated to Shoreline and unknown to Shoreline. Shuikang Sun informed me that the due diligence was done in Huarong's offices, that it took about one week, and that Xiaobing Sun was joined in this work by Jianping Zhou who is a former employee of Shoreline.

6. I am acquainted with Mr. Zhou and have since communicated with him about the nature of the visit to Huarong. Mr. Zhou informed me that the due diligence that was done on the 29-borrower portfolio at Huarong was completed using Shoreline's laptop, financial models and other analysis tools, which Xiaobing Sun still had at the time of the visit to Huarong. He also informed me that as a result of their work on this portfolio, they were paid a fee by the investor whom they represented and that the investor bought the portfolio.

7. Mr. Zhou has shown me the electronic files from the due diligence of the 29-borrower portfolio on his portable USB flash drive. A significant part of the models and reports used in the due diligence are the same as Shoreline's financial models used in the acquisition of portfolio "#1233", which I understand are Shoreline's proprietary and confidential trade secrets.

8. I believe that when Xiaobing Sun, while still technically an employee of Shoreline, used Shoreline's confidential electronic files (which I viewed on Mr. Zhou's flash drive), to close the investment in the 29-borrower portfolio for a direct competitor of Shoreline's whom Xiaobing Sun had sought out for this purpose, it was seriously detrimental to Shoreline's interests.

- 3 -

DECLARATION OF DEGUANG ZHENG SUPPORTING *EX PARTE* APPLICATION FOR TRO AND OSC RE PRELIMINARY INJUNCTION, AND FOR ORDER GRANTING LEAVE TO CONDUCT EXPEDITED DISCOVERY

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 10th day of January, 2008 at Guangzhou, china.

_____
Deguang Zheng

-4-

DECLARATION OF DEGUANG ZHENG SUPPORTING *EX PARTE* APPLICATION FOR TRO AND OSC RE PRELIMINARY INJUNCTION, AND FOR ORDER GRANTING LEAVE TO CONDUCT EXPEDITED DISCOVERY