CHARLES H. JUNG (SBN 217909)
MICHAEL P. DILLINGHAM (SBN 244086)
NASSIRI & JUNG LLP
251 Kearny Street, Suite 501
San Francisco, CA 94108
Telephone:  (415) 373-5699
Facsimile:   (415) 534-3200
cjung@nassiri-jung.com

Attorneys for Defendant
XIAOBING SUN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SHORELINE CAPTIAL MANAGEMENT, LTD., a British Virgin Islands Company limited by shares,<br><br>Plaintiff,<br><br>vs.<br><br>XIAOBING SUN, an individual,<br><br>Defendant. | Case No. 5:08-cv-00121-JW<br><br>DECLARATION OF CHARLES H. JUNG IN SUPPORT OF DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION |

I, Charles H. Jung, declare:

    1.  I am an active member in good standing of the State Bar of California and a partner with the law firm of Nassiri & Jung LLP.  I have personal knowledge of the facts set forth herein, and would and could testify competently thereto if called as a witness.

    2.  I called Shoreline's counsel on or about January 17, 2008.  Mr. Commins called me back on January 18, 2008, and I stated that since Shoreline is highly unlikely to obtain any negative injunction against Mr. Sun prohibiting him from competing with Shoreline, the parties should forge an amicable resolution to this matter before Mr. Sun is forced to expend resources

1

1  in opposing Shoreline's preliminary injunction motion.  Shoreline's counsel David Commins

2  stated that he was receptive to the proposed compromise and would call me that day (January

3  18) to further discuss settlement.  Mr. Commins did not call me back, so I called him again that

4  afternoon.  Rather than return my call, Mr. Commins wrote me an email message stating that "in

5  good faith that Shoreline is interested in resolving this case on an amicable basis, but the

6  principals at Shoreline need to speak with each other over the weekend before I can add

7  anything to our conversation this morning."  Mr. Commins then wrote that we would speak

8  again on January 21.  Instead, the afternoon of January 21, he sent me an email message stating

9  that he was unable to reach his client and that it is "likely that [he would] reach Mr. Fanger [on

10  the morning of January 22" and that he would contact me on that day.

11      a.  I wrote and emailed to David Commins a letter on January 21, 2008, and

12          attached as Exhibit A is a true and correct copy of this letter.

13  3.  Mr. Commins did not respond to my letter until the January 22, the day before

14  the opposition was due.  Mr. Commins rejected the proposed compromise, which included Mr.

15  Sun's offer to "search for and destroy any and all copies of the so-called Shoreline Pricing

16  Model that may be in [Mr. Sun's] possession."

17  4.  Attached as Exhibit B is a true and correct copy of an article apparently from the

18  Private Equity Journal that I downloaded from Shoreline Capital Management's Website on

19  January 22, 2008.

20  5.  Attached as Exhibit C is a true and correct copy of an webpage entitled "News"

21  that I downloaded from Shoreline Capital Management's Website on January 23, 2008.

22  6.  I investigated the statements attributed to Qiang Du.  I had several conversations

23  with Mr. Du on January 22, 2008.  During one conversation with Mr. Du, I read to him the

24  statements attributed to him by Xiaolin Zhang.  Mr. Du denied these statements in their entirely,

25  saying that "I never told Ms. Zhang that Xiaobing Sun sent Shoreline's portfolio files, pricing

26  materials or any financial analysis models to Mr. Sun's friend working at Goldman Sachs."  Mr.

27  Du stated that Ms. Zhang threatened to "ruin my reputation and ruin my career if did not

28  cooperate with her and Shoreline in their litigation against Mr. Sun."  He said that Ms. Zhang

1    also "threatened to send an email message to GSB alumni that would ruin my reputation." And

2    he said that Ms. Zhang "threatened to send an email message to all potential investors and funds

3    to stop me from working in finance or the non-performing loan industry" if Mr. Du did not

4    cooperate. Ms. Zhang further "threatened to sue" Mr. Du and make it impossible to "leave

5    China." Du also stated that he never received a copy of the employee handbook.

6         7. Mr. Du agreed to sign a declaration which I drafted a declaration based on these

7    statements. I emailed the declaration to qdu@chicaogsb.edu on January 22, 2008, which is the

8    email address Mr. Du conveyed to me. Attached hereto as Exhibit D are true and correct copies

9    of my email to Mr. Du and the declaration.

10        8. Later that evening, I spoke with Mr. Du again. He confirmed that he reviewed

11   the declaration, and that all the statements in the declaration were accurate, and that Zhang's

12   statements attributed to him are lies. But he conveyed that he would not sign the declaration

13   because he was "concerned that Shoreline is 'after [him]' and that [he] would suffer bad

14   consequences from Shoreline should [he] sign this declaration. Attached hereto as Exhibit E are

15   true and correct copies of my January 22, 2008 email to Mr. Du and the declaration that was

16   attached to the email.

     I declare under penalty of perjury that the foregoing is true and correct.

     Executed on January 23, 2007 in San Francisco, California.

                       /S/ CHARLES H. JUNG

                           CHARLES H. JUNG

**EXHIBIT A**

# NASSIRI & JUNG LLP

### ATTORNEYS AT LAW

251 Kearny Street, Suite 501
San Francisco, California  94108

Charles H. Jung
415 373-5699                            www.nassiri-jung.com                            Facsimile:
cjung@nassiri-jung.com                                                                 415 534-3200


January 21, 2008

**VIA FACSIMILE AND EMAIL**

David Commins, Esq.
Commins & Webster, P.C.
400 Montgomery Street, Suite 200
San Francisco, California 94104
Fax:  (415) 391-6493

> Re:    Shoreline Capital Management, LTD v. Sun (Case No. 5:08-cv-00121-JW)
> Your Email Today

Dear Mr. Commins:

Thank you for your email this afternoon.  I hope you enjoyed your weekend.

As we have discussed, it is Mr. Sun's view that Shoreline is highly unlikely to obtain any negative injunction against Mr. Sun prohibiting him from competing with Shoreline.  Mr. Sun has already offered to search for and destroy any and all copies of the so-called Shoreline Pricing Model that may be in his possession.  Furthermore, Mr. Sun believes that plaintiff has incorrectly brought this matter in front of this Court, and because of this, the Court lacks jurisdiction to hear the matter at all.

The parties discussed the possibility of settlement on Friday morning, to create an amicable resolution to this matter before Mr. Sun is forced to expend resources in opposing Shoreline's preliminary injunction motion.  As we discussed, preparing an opposition and/or motion to dismiss and receiving a ruling from the Court is likely to decrease the chances of settlement.  You stated that you would call me on Friday afternoon to further discuss settlement. Failing to hear from you, I called you on Friday afternoon.  Rather than return my call, you wrote me an email message stating that "in good faith that Shoreline is interested in resolving this case on an amicable basis, but the principals at Shoreline need to speak with each other over the weekend before [you] can add anything to our conversation this morning."  You then wrote that we would speak again this morning.  Instead, this afternoon, you sent me an email message stating that you were unable to reach your client and that it is "likely that [you] will reach Mr. Fanger tomorrow morning" and that you would contact me tomorrow.

Given the parties' discussions, the absence of notice to Mr. Sun of Shoreline's TRO application until the day of the Court's order, and the relative difficulty of compromise if this

matter proceeds to hearing this week, I respectfully request that you assent to a motion to enlarge by fourteen days the time in which Mr. Sun may respond to Shoreline's preliminary injunction motion. Please advise whether you will assent.

You can reach me at (415) 373-5699 extension 10.

Sincerely,

/s/ Charles H. Jung

Charles H. Jung

**EXHIBIT B**



中 文 | English

**Home | Overview | Investment Focus | Team | Work With Shoreline | News | Contact**



News

**Private Equity Journal Reports on Shoreline Capital's NPL Investing** [2006.09.19]

Private Equity Online discusses Shoreline Capital's movement into China's non-performing loan market. The journal reports on Shoreline's unique positioning as well as the firm's history. Click here for the full article.

© 2006 Shoreline Capital Management, Ltd.   All Rights Reserved.



Important notice: please read

The following PDF article from PrivateEquityOnline.com is reproduced with permission from the copyright owner, Investoraccess Ltd. To view this article you must therefore have Adobe Acrobat® software installed on your computer. Investoraccess Ltd is not responsible for the supply of this software [available at www.adobe.com] or for any difficulties experienced when accessing this PDF. The article may be distributed in either print or electronic form only by the party that acquired this PDF and may not be resold, amended or incorporated into any other article, database or catalogue in any media. Investoraccess Ltd reserves the right to withdraw permission to use and distribute this article at any time without refund if in the company's reasonable opinion its usage is inappropriate and/or infringes the company's rights. The purchaser of this article agrees to be bound by these conditions. If you have any questions about this notice or about your requirements for this article please email:
enquiries@privateequityonline.com

© 2006 Investoraccess Ltd
Second Floor
Sycamore House
Sycamore Street
London
EC1Y OSG
T: +44 20 756 5444

From Chicago to China

19 Sep 2006

*Benjamin Fanger and Xiaolin Zhang met as MBA students at the University of Chicago. They're now scouring the NPL portfolios of China for value investments. By Aaron Lovell.*

Shoreline Capital was hatched in a café near the University of Chicago when Chinese real estate developer Xiaolin Zhang and entrepreneur Benjamin Fanger met to discuss assets in China. Both were working on MBA degrees at the school at the time. (Fanger was also obtaining a law degree.)

"We both felt value investing is the way to go—particularly in a situation with a lot of inefficiencies," managing director Fanger explains by phone from Beijing. With that in mind, the duo starting traveling to China and looking at distressed debt transactions.

Since launching the firm in 2004, Shoreline has completed three non-performing loan transactions and is on course to complete additional deals this years—as well as a its first distressed real estate deal.

According to Ernst & Young, China has more than $133 billion in outstanding NPL portfolios. Sensing this opportunity, Zhang and Fanger eventually teamed up with Minneapolis-based opportunistic firm Cargill Value Investors—now known as CarValue Investors—and closed their first deal in 2005, a Shenzhen-based NPL portfolio with a legal value of $222 million. It was followed in 2006 by a $223-million transaction in Changsha and a deal in Hunan with a value of $246 million.

As the firm has closed these deals, it has opened new offices to service the portfolios—it now has offices in Changsha and Shenzhen, in addition to its Guangzhou headquarters. The firm has a staff of 25 and has added a third partner: Linyu Yang, a real estate professional. Shoreline is looking to add more staff, as well.

There are plenty of other challenges to investing in the distressed debt sector of an emerging market like China.

Fanger points out that the information given by the seller and borrower is not always completely accurate. Assets may have unforeseen problems. Sometimes sellers have an unrealistic idea of what their assets are worth—fifty cents on the dollar, rather than pennies.

"It's very difficult to get a feel from an Excel spreadsheet what the value [of an asset] is," he says. "The transparency is an issue, but it also provides opportunities. We have found ways to find information and do the due diligence to price the assets reasonably."

"We avoid portfolios with hidden problems and invest in the portfolios with hidden value," he adds.

Looking to the future, Shoreline hopes to launch a discretionary fund for LPs wanting to tap the distressed debt and retail markets in China. Fanger was unable to discuss specifics, but said the plan was to begin raising money in 2007 and felt the fund would raise at least $50 million.

"We see no reason to not have a discretionary fund for these kinds of investments," Fanger says.

**EXHIBIT C**



中文 | **English**

**Home** | **Overview** | **Investment Focus** | **Team** | **Work With Shoreline** | **News** | **Contact**



**News**

· Shoreline Capital closes RMB 7 billion deal in Guangdong.   [2007.01 ]
· Private Equity Journal Reports on Shoreline Capital's NPL Investing   [2006.09.19 ]
· Shoreline Capital closes RMB 2 billion deal in Hunan.      [ 2006.01 ]
· Shoreline Capital closes RMB 1.9 billion deal in Changsha.   [ 2006.01 ]
· Shoreline Capital closes RMB 1.8 billion deal in Shenzhen.   [ 2005.12 ]

© 2006 Shoreline Capital Management, Ltd.    All Rights Reserved.

**EXHIBIT D**

## Charles Jung

| | |
|---|---|
| **From:** | Charles Jung |
| **Sent:** | Tuesday, January 22, 2008 5:21 PM |
| **To:** | qdu@chicagogsb.edu |
| **Subject:** | Our call today |
| **Attachments:** | 2008-01-22 Declaration of Du.doc |

Mr. Du,

Thank you for talking with me today.  I typed up the declaration that we discussed, based on our call.  I kept it short--four paragraphs--which confirm what you told me today (that Xiaolin Zhang's declaration about your statements to her is completely untrue, that Ms. Zhang and Mr. Fanger threatened to ruin your reputation, career, and make it impossible for you to leave the country if you did not cooperate with Shoreline's litigation against Mr. Sun, and that you never received an employee handbook from Shoreline).  I understand that based on Ms. Zhang, Mr. Fanger and Shoreline's threats to you that you are wary about contradicting Shoreline's untrue statements.  But it will help Mr. Sun and help the Court a great deal to get to the truth of the matter.  I very much appreciate your candor with me.

If you have any questions, please do not hestitate to call me on my cellphone at 415-987-4902.  You can send the signature page by email or by fax to 415-534-3200.

Thank you again,
Charles H. Jung
NASSIRI & JUNG LLP
251 Kearny Street, Suite 501
San Francisco, California 94108
Tel: 415-373-5699
Fax: 415-534-3200
http://www.nassiri-jung.com
cjung@nassiri-jung.com
_____

This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.  For additional information, please visit our website at www.nassiri-jung.com.

1  CHARLES H. JUNG (SBN 217909)
   MICHAEL P. DILLINGHAM (SBN 244086)
2  NASSIRI & JUNG LLP
   251 Kearny Street, Suite 501
3  San Francisco, CA 94108
   Telephone:  (415) 373-5699
4  Facsimile:  (415) 534-3200
   cjung@nassiri-jung.com
5
   Attorneys for Defendant
6  XIAOBING SUN

7

8

9              UNITED STATES DISTRICT COURT

10            NORTHERN DISTRICT OF CALIFORNIA

11                 SAN JOSE DIVISION

12

13  SHORELINE CAPTIAL MANAGEMENT,        Case No. 5:08-cv-00121-JW
    LTD., a British Virgin Islands Company
14  limited by shares,                   DECLARATION OF QUIANG DU IN
                                         SUPPORT OF DEFENDANT'S
15                    Plaintiff,         OPPOSITION TO PLAINTIFF'S
                                         MOTION FOR PRELIMINARY
16       vs.                             INJUNCTION

17  XIAOBING SUN, an individual,

18                    Defendant.

19

20  I, Quiang Du, declare:

21       1.       I have personal knowledge of the facts set forth herein, and if called as a witness

22  would and could testify competently thereto.

23       2.       On or about December 20, 2007, Xiaolin Zhang ("Zhang"), partner of

24  Guangzhou United Co., Ltd. And Shoreline Capital Management Ltd. ("Shoreline"), called me.

25  I never told Ms. Zhang that Xiaobing Sun sent Shoreline's portfolio files, pricing materials or

26  any financial analysis models to Mr. Sun's friend working at Goldman Sachs.  Ms. Zhang

27  threatened to ruin my reputation and ruin my career if did not cooperate with her and Shoreline

28

1    in their litigation against Mr. Sun.  Ms. Zhang threatened to send an email message to GSB

2    alumni that would ruin my reputation.  Ms. Zhang called me again in the beginning of January

3    2008.    During  this  second  conversation,  she  again  asked  me  to  cooperate  in  Shoreline's

4    litigation against Mr. Sun.  She stated that if I did not cooperate with her, that she would sue me.

5    Ms. Zhang also threatened to send an email message to all potential investors and funds to stop

6    me from working in finance or the non-performing loan industry.  Ms. Zhang threatened to sue

7    me next if I did not cooperate.  She also threatened to make it impossible for me to cross any

8    borders or leave China if I did not cooperate in Shoreline's litigation with Mr. Sun.

9           3.      In the beginning of January 2008, shortly after my second conversation with Ms.

10   Zhang, Benjamin Fanger, a principal of Shoreline, called me.  Mr. Fanger asked me to sign a

11   statement testifying against Mr. Sun.  He threatened to sue me if I did not sign his statement.

12   Mr. Fanger also threatened to contact investors and others so that I would not be able work in

13   the  finance  or  nonperforming  loan  industries  if  I  did  not  cooperate  in  Shoreline's  litigation

14   against Mr. Sun.

15          4.      At no time during my work at Shoreline, did anyone at Shoreline give me a copy

16   of the so-called employee handbook.

17

18

19          I declare under penalty of perjury that the foregoing is true and correct.  Executed on

20   January ___, 2007 in Guangzhou, China.

21                                              _____
                                                              QUIANG DU

22

23

24

25

26

27

28

DECLARATION OF DU ISO OPPOSITION TO
MOTION FOR PRELIMINARY INJUNCTION

CASE NO. 5:08-CV-00121-JW

**EXHIBIT E**

## Charles Jung

| | |
|---|---|
| **From:** | Charles Jung |
| **Sent:** | Tuesday, January 22, 2008 9:58 PM |
| **To:** | 'qdu@chicagogsb.edu' |
| **Subject:** | RE: Our call today |
| **Attachments:** | 2008-01-22 Declaration of Du.pdf |

Mr. Du,

I am sorry that you decided not to sign the attached declaration. I understand that you agree that the declaration is accurate, and that Zhang's statements attributed to you are lies. But you are concerned that Shoreline is "after you" and that you would suffer bad consequences from Shoreline should you sign this declaration.

I do sincerely hope that you will change your mind. Please call me if you do.

Sincerely,

Charles H. Jung
NASSIRI & JUNG LLP
251 Kearny Street, Suite 501
San Francisco, California 94108
Tel: 415-373-5699
Fax: 415-534-3200
http://www.nassiri-jung.com
cjung@nassiri-jung.com
_____

This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments. For additional information, please visit our website at www.nassiri-jung.com.

**From:** Charles Jung
**Sent:** Tuesday, January 22, 2008 5:25 PM
**To:** 'qdu@chicagogsb.edu'
**Subject:** RE: Our call today

Mr. Du, I have attached a PDF version of your declaration to this email.

Thank you,

Charles H. Jung
NASSIRI & JUNG LLP
251 Kearny Street, Suite 501
San Francisco, California 94108
Tel: 415-373-5699
Fax: 415-534-3200
http://www.nassiri-jung.com
cjung@nassiri-jung.com
_____

This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments. For additional information, please visit our website at www.nassiri-jung.com.

**From:** Charles Jung
**Sent:** Tuesday, January 22, 2008 5:21 PM
**To:** qdu@chicagogsb.edu
**Subject:** Our call today

Mr. Du,

Thank you for talking with me today.  I typed up the declaration that we discussed, based on our call.  I kept it short--four paragraphs--which confirm what you told me today (that Xiaolin Zhang's declaration about your statements to her is completely untrue, that Ms. Zhang and Mr. Fanger threatened to ruin your reputation, career, and make it impossible for you to leave the country if you did not cooperate with Shoreline's litigation against Mr. Sun, and that you never received an employee handbook from Shoreline).  I understand that based on Ms. Zhang, Mr. Fanger and Shoreline's threats to you that you are wary about contradicting Shoreline's untrue statements.  But it will help Mr. Sun and help the Court a great deal to get to the truth of the matter.  I very much appreciate your candor with me.

If you have any questions, please do not hestitate to call me on my cellphone at 415-987-4902.  You can send the signature page by email or by fax to 415-534-3200.

Thank you again,
Charles H. Jung
NASSIRI & JUNG LLP
251 Kearny Street, Suite 501
San Francisco, California 94108
Tel: 415-373-5699
Fax: 415-534-3200
http://www.nassiri-jung.com
cjung@nassiri-jung.com
_____

This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.  For additional information, please visit our website at www.nassiri-jung.com.

1   CHARLES H. JUNG (SBN 217909)
    MICHAEL P. DILLINGHAM (SBN 244086)
2   NASSIRI & JUNG LLP
    251 Kearny Street, Suite 501
3   San Francisco, CA 94108
    Telephone:  (415) 373-5699
4   Facsimile:  (415) 534-3200
    cjung@nassiri-jung.com
5
    Attorneys for Defendant
6   XIAOBING SUN

7

8

9                          UNITED STATES DISTRICT COURT

10                        NORTHERN DISTRICT OF CALIFORNIA

11                                SAN JOSE DIVISION

12

13   SHORELINE CAPTIAL MANAGEMENT,          Case No. 5:08-cv-00121-JW
     LTD., a British Virgin Islands Company
14   limited by shares,                     DECLARATION OF QUIANG DU IN
                                            SUPPORT OF DEFENDANT'S
15                      Plaintiff,          OPPOSITION TO PLAINTIFF'S
                                            MOTION FOR PRELIMINARY
16          vs.                             INJUNCTION

17   XIAOBING SUN, an individual,

18                      Defendant.

19

20   I, Quiang Du, declare:

21          1.     I have personal knowledge of the facts set forth herein, and if called as a witness

22   would and could testify competently thereto.

23          2.     On or about December 20, 2007, Xiaolin Zhang ("Zhang"), partner of

24   Guangzhou United Co., Ltd. And Shoreline Capital Management Ltd. ("Shoreline"), called me.

25   I never told Ms. Zhang that Xiaobing Sun sent Shoreline's portfolio files, pricing materials or

26   any financial analysis models to Mr. Sun's friend working at Goldman Sachs.  Ms. Zhang

27   threatened to ruin my reputation and ruin my career if did not cooperate with her and Shoreline

28

1  in their litigation against Mr. Sun.  Ms. Zhang threatened to send an email message to GSB

2  alumni that would ruin my reputation.  Ms. Zhang called me again in the beginning of January

3  2008.    During  this  second  conversation,  she  again  asked  me  to  cooperate  in  Shoreline's

4  litigation against Mr. Sun.  She stated that if I did not cooperate with her, that she would sue me.

5  Ms. Zhang also threatened to send an email message to all potential investors and funds to stop

6  me from working in finance or the non-performing loan industry.  Ms. Zhang threatened to sue

7  me next if I did not cooperate.  She also threatened to make it impossible for me to cross any

8  borders or leave China if I did not cooperate in Shoreline's litigation with Mr. Sun.

9      3.    In the beginning of January 2008, shortly after my second conversation with Ms.

10  Zhang, Benjamin Fanger, a principal of Shoreline, called me.  Mr. Fanger asked me to sign a

11  statement testifying against Mr. Sun.  He threatened to sue me if I did not sign his statement.

12  Mr. Fanger also threatened to contact investors and others so that I would not be able work in

13  the  finance  or  nonperforming  loan  industries  if  I  did  not  cooperate  in  Shoreline's  litigation

14  against Mr. Sun.

15      4.    At no time during my work at Shoreline, did anyone at Shoreline give me a copy

16  of the so-called employee handbook.

17

18

19      I declare under penalty of perjury that the foregoing is true and correct.  Executed on

20  January ___, 2007 in Guangzhou, China.

21                                    _____

                                          QUIANG DU
22

23

24

25

26

27

28

CASE NO. 5:08-CV-00121-JW                    DECLARATION OF DU ISO OPPOSITION TO
                                             MOTION FOR PRELIMINARY INJUNCTION