```
 1  David H.S. Commins (CSBN 124205)
    Kenneth C. Webster (CSBN 179058)
 2  COMMINS & WEBSTER, P.C.
    400 Montgomery Street, Suite 200
 3  San Francisco, CA 94104
    Tel (415) 391-6490
 4  Fax (415) 391-6493
    david@commins.com
 5  ken@commins.com

 6  Attorneys for Plaintiff
    Shoreline Capital Management, Ltd.
 7
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SHORELINE CAPITAL MANAGEMENT, LTD., a British Virgin Islands company limited by shares,<br><br>Plaintiff,<br><br>vs.<br><br>XIAOBING SUN, an individual, also known as DANIEL SUN,<br><br>Defendant. | No. JW CV 08 0121<br><br>DECLARATION OF BENJAMIN FANGER RE CITIZENSHIP OF PLAINTIFF SHORELINE CAPITAL MANAGEMENT, LTD. |

I, Benjamin Fanger, say:

1. I am a principal of Shoreline Capital Management, Ltd. (Shoreline), the Plaintiff in this action. I have personal knowledge of the matters set forth in this Declaration and would competently testify to them if called as a witness.

- 1 -

DECLARATION OF BENJAMIN FANGER RE CITIZENSHIP OF PLAINTIFF
SHORELINE CAPITAL MANAGEMENT, LTD.

2. Shoreline was incorporated in the British Virgin Islands (BVI) on May 10, 2004. A true and correct copy of its Certificate of Incorporation is attached as Exhibit A. Shoreline remains in good standing in the BVI

3. True and correct copies of the cover page of Shoreline's BVI Memorandum and Articles of Association and the first page of the Memorandum of Association, are attached collectively as Exhibit B. As the Memorandum of Association shows in Section 2, Shoreline's BVI address is Jipfa Building, 3rd Floor, Road Town, Tortola, British Virgin Islands.

4. Shoreline's principal place of business, and the headquarters of its operations, is in China. The address is Huapu Office Complex #2501 East, 13 Huaming Rd., Pearl River New City, Guangzhou, China 510623. Attached as Exhibit C is a true and correct copy of page 11 of Shoreline's Limited Partnership Agreement with its investors. Page 11 shows Shoreline's principal place of business; the balance of the Agreement is highly confidential and not relevant to Shoreline's citizenship.

5. The only place in the world related to Shoreline's business where the front door bears the sign "Shoreline Capital Management" is the address in Guangzhou, China set forth above. It is a large office at which approximately 80 percent of the employees of Shoreline or its affiliates work.

6. I also use an office in Campbell, California. It is a single office subleased from another unrelated business. It bears no signs related to Shoreline. I use that office both for Shoreline work and other work unrelated to Shoreline, including my work as Chairman of the Board of another company I have ownership in, HealthSource Global Staffing, Inc. (Healthsource). (HealthSource is an entirely unrelated business in the healthcare industry.) I also use that office to collect mail related to Shoreline that I need to reach me personally. And I met Defendant Xiaobing Sun at that office when he signed the non-disclosure agreement that is

- 2 -

DECLARATION OF BENJAMIN FANGER RE CITIZENSHIP OF PLAINTIFF
SHORELINE CAPITAL MANAGEMENT, LTD.

attached as Exhibit A to my Declaration Supporting *Ex Parte* Application for TRO and OSC re Preliminary Injunction, and for Order Granting Leave to Conduct Expedited Discovery.

7. Shoreline has a wholly owned subsidiary in the United States called Shoreline Capital, LLC. It is registered as a limited liability company in Delaware but it is not licensed to do business in California. It has no employees.

8. Besides me, Shoreline has no employees in the United States. In 2006 I lived in China and spend virtually all of my work hours at the headquarters in China. In 2007 I split my time between the United States and China.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 28th day of January, 2008 at New York, New York, USA

Benjamin Fanger

- 3 -

DECLARATION OF BENJAMIN FANGER RE CITIZENSHIP OF PLAINTIFF SHORELINE CAPITAL MANAGEMENT, LTD.

Case 5:08-cv-00121-JW   Document 29   Filed 01/28/2008   Page 4 of 10

EXHIBIT A




# TERRITORY OF THE BRITISH VIRGIN ISLANDS

## THE INTERNATIONAL BUSINESS COMPANIES ACT
### (CAP. 291)

**CERTIFICATE OF INCORPORATION**       (SECTIONS 14 AND 15)

No. 595901

The Registrar of Companies of the British Virgin Islands HEREBY CERTIFIES pursuant to the International Business Companies Act, Cap. 291 that all the requirements of the Act in respect of incorporation having been satisfied,

**Shoreline Capital Management, Ltd.**

is incorporated in the British Virgin Islands as an International Business Company this 10th day of May, 2004.

Given under my hand and seal at Road Town, in the Territory of the British Virgin Islands

CRTI001J

REGISTRAR OF COMPANIES




Case 5:08-cv-00121-JW   Document 29   Filed 01/28/2008   Page 6 of 10

EXHIBIT B

IBC No.

# TERRITORY OF THE BRITISH VIRGIN ISLANDS

## THE INTERNATIONAL BUSINESS COMPANIES ACT

(No. 8 of 1984)

## MEMORANDUM AND ARTICLES OF ASSOCIATION

OF

**Shoreline Capital Management, Ltd.**

Incorporated the 10th day of May, 2004

TERRITORY OF THE BRITISH VIRGIN ISLANDS

THE INTERNATIONAL BUSINESS COMPANIES ACT
(NO. 8 OF 1984)

MEMORANDUM OF ASSOCIATION
OF

Shoreline Capital Management, Ltd.

**NAME**

1. The name of the Company is Shoreline Capital Management, Ltd.

**REGISTERED OFFICE**

2. The Registered Office of the Company will be at Jipfa Building, 3rd Floor, Road Town, Tortola, British Virgin Islands.

3. The Registered Agent of the Company will be J.S. Archibald Trust Services Ltd. of Jipfa Building, 3rd Floor, Road Town, Tortola, British Virgin Islands.

**GENERAL OBJECTS AND POWERS**

4. (1) The object of the Company is to engage in any act or activity that is not prohibited under any law for the time being in force in the British Virgin Islands.

   (2) The Company may not

   (a) carry on business with persons resident in the British Virgin Islands;

   (b) own an interest in real property situate in the British Virgin Islands, other than a lease referred to in paragraph (e) of subclause (3);

   (c) carry on banking or trust business, unless it is licensed to do so under the Banks and Trust Companies Act, 1990;

   (d) carry on business as an insurance or reinsurance company, insurance agent or insurance broker, unless it is licensed under an enactment authorizing it to carry on that business;

   (e) carry on the business of company management, unless it is licensed under the Company Management Act, 1990; or

   (f) carry on the business of providing the registered office or the registered agent for companies incorporated in the British Virgin Islands.

   (3) For purposes of paragraph (a) of subclause (2), the Company shall not be treated as carrying on business with persons resident in the British Virgin Islands if :

   (a) it makes or maintains deposits with a person carrying on banking business within the British Virgin Islands;

   (b) it makes or maintains professional contact with solicitors, barristers, accountants, bookkeepers, trust companies, administration companies, investment advisers or other similar persons carrying on business within the British Virgin Islands;

   (c) it prepares or maintains books and records within the British Virgin Islands;

   (d) it holds, within the British Virgin Islands, meetings of its directors or members;

   (e) it holds a lease of property for use as an office from which to communicate with members or where books and records of the Company are prepared or maintained;

1

EXHIBIT C

## 2.4. Places of Business.

The principal place of business of the Partnership shall be located at Huapu Plaza East Tower, Suite 2501, 13 Huaming Road, Guangzhou, 510623, China or at such other place or places as the General Partner from time to time may determine. The General Partner shall promptly notify the Limited Partners of any change in the principal office of the Partnership. The Partnership may from time to time have such other place or places of business in such other jurisdictions as the General Partner may deem advisable.

## 2.5. Investment Term.

The term of the Partnership shall commence on the date the Limited Partnership Memorandum is filed with the British Virgin Islands Registrar of Companies and Limited Partnerships and shall continue, unless the Partnership is sooner dissolved pursuant to Section 12, until the fifth (5th) anniversary from the date thereof; <u>provided</u> that the term of the Partnership may be extended by the General Partner with the approval of the Advisory Committee, for up to two successive periods of one year (such term, as so extended, being referred to as the "<u>Investment Term</u>").

## 2.6. Fiscal Year.

The fiscal year of the Partnership shall end on the 31st day of December in each year. The General Partner shall have the authority to change the ending date of the fiscal year to any other date required or allowed under the Code if the General Partner, in its sole discretion, shall determine such change to be necessary or appropriate. The General Partner shall promptly give notice of any such change to the Limited Partners.

## 2.7. Powers.

Subject to the provisions of Sections 7 and 14, the Partnership, and the General Partner acting on behalf of the Partnership, shall have the power to do or cause to be done, or not to do, any and all acts deemed by the General Partner in its sole discretion to be necessary or appropriate in furtherance of the purposes of the Partnership including, without limitation, the power and authority to:

(a) invest and dispose of investments as set forth in Section 7.2;

(b) open, have, maintain and close bank and brokerage accounts, including the power to draw checks or other orders for the payment of moneys;

(c) administer the overall operation of the Partnership, including but not limited to the incurring of indebtedness and the borrowing of money; <u>provided</u>, that the amount of any indebtedness incurred to purchase a Portfolio Investment shall not exceed 60% of the Fair Market Value of such Portfolio Investment at the time it is acquired by the Partnership;

(d) bring and defend actions and proceedings at law or in equity or before any governmental, administrative or other regulatory agency, body or commission, including serving on creditors' committees;